UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DEFINED BENEFIT PLAN OF THE MID-JERSEY TRUCKING INDUSTRY AND TEAMSTERS LOCAL 701 PENSION AND ANNUITY FUND, Individually and on Behalf of All Others Similarly Situated, | : : : : : : | Civil Action No.: 3:22-cv-05864-GC-LHG <br><br> CLASS ACTION <br><br> MOTION DAY: January 3, 2023 |
| Plaintiff, | : : | |
| vs. | : : : | |
| PAYPAL HOLDINGS, INC., DANIEL SCHULMAN, and JOHN RAINEY, | : : : | |
| Defendants. | : : | |

**MEMORANDUM OF LAW IN SUPPORT OF KBC ASSET MANAGEMENT NV'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

KBC Asset Management NV ("KBC") respectfully submits this Memorandum of Law in support of its Motion, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an order: (i) appointing KBC as Lead Plaintiff for a proposed class consisting of all persons and entities, other than Defendants and their affiliates, who purchased PayPal Holdings, Inc. ("PayPal" or the "Company") common stock between February 3, 2021, and February 1, 2022, both dates inclusive (the "Class Period"); (ii) approving KBC's selection of Motley Rice LLC ("Motley Rice") to serve as Lead Counsel for the class; and (iii) for any such further relief as the Court may deem just and proper.

## INTRODUCTION

The complaint currently on file (the "Complaint") in this securities fraud action alleges that, during the Class Period, PayPal and certain of its officers and directors (collectively, "Defendants") repeatedly made materially misleading statements and failed to disclose information necessary to make various statements not materially misleading, thus artificially inflating the price of PayPal common stock. According to the Complaint, when Defendants' misrepresentations were revealed to the public, the Company's stock price declined, causing the proposed class to suffer harm.

The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff in a securities class action, and creates a presumption that the most adequate plaintiff is the movant with the largest financial interest in the relief sought by the class who also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") at this stage of the litigation. *See Dang v. Amarin Corp. PLC*, 2022 WL 15524944, at *3 (D.N.J. Oct. 27, 2022) (describing the "two-step process for appointing a lead plaintiff"). KBC respectfully submits that, pursuant to the PSLRA, it should be appointed to serve as Lead Plaintiff on behalf of the putative class. As an initial matter, KBC's funds have suffered significant losses. *See* Certification & Loss Charts, Decl.

of Daniel R. Lapinski ("Lapinski Decl."), Exs. B & C. KBC also meets the typicality and adequacy requirements of Rule 23 because, like all members of the putative class, it seeks recovery of losses incurred as a result of Defendants' allegedly false and misleading statements and/or omissions; it is motivated by its funds' large financial losses to vigorously prosecute the Action; and it has committed to fairly and adequately represent the interests of the putative class.

The Court also should approve KBC's selection of Motley Rice as Lead Counsel for the proposed class. The claims of the class will be well protected by Motley Rice, which has the experience, expertise, and resources necessary to handle securities litigation of this scale.

## FACTUAL BACKGROUND

PayPal is a multinational financial technology company operating an online payments system in the majority of countries that support online money transfers, and serves as an electronic alternative to traditional paper methods, such as checks and money orders. The Company operates as a payment processor for online vendors, auction sites and many other commercial users, for which it charges a fee. PayPal's common stock trades on the NASDAQ under the ticker "PYPL."

The Complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Specifically, the lawsuit alleges that throughout the Class Period, Defendants touted massive growth in PayPal's Net New Active Accounts ("NNAs") and instructed investors to view the high growth in this metric as an important indicator of the Company's successful performance. PayPal earns a fee with each payment transaction, and thus the more active accountholders, the more revenues it could generate. To achieve growth in its NNAs, however, PayPal was becoming increasingly reliant on cash marketing incentives, which induced subscribers to register for new accounts in exchange for a cash payment. However, this marketing technique was susceptible to the creation of fraudulent accounts by users looking only to receive the cash payment with no

intention of using PayPal as a digital payment platform. Those fraudulent accounts would provide no revenue to PayPal.

As the Complaint further notes, during the Class Period, PayPal did not inform investors that many of the new accounts generated through its cash incentive marketing program, which were boosting its NNA numbers, were illusory and the cash payments resulted in the creation of millions of fraudulent accounts. At the same time, the Company was going to great lengths to keep inactive users and fake accounts on its platform, so its NNA numbers would remain inflated and appeal to investors.

The truth was finally disclosed on February 1, 2022, when PayPal reported fourth quarter and full year results for 2021 and admitted that it had identified 4.5 million accounts that it believed were illegitimately created. The Company lowered its NNA projections and admitted that its cash incentive marketing strategy was likely the root of its problems. As a result, the Company said it would now focus on increasing the engagement of its active users, which would reduce its ability to maintain growth in its NNA figures. When investors learned the truth about PayPal's inflated NNA figures, the price of its common stock fell 25 percent, or $43.23 per share, in one day, dropping from a closing price of $175.80 per share on February 1, 2022 to close at $132.57 per share, on February 2, 2022.

**ARGUMENT**

I.  **KBC SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the complaint. 15 U.S.C.

§ 78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Dang*, 2022 WL 15524944, at *3. For the following reasons, KBC believes it is the most adequate plaintiff and should therefore be appointed Lead Plaintiff.

### A.      KBC's Motion Is Timely

The notice published on *Businesswire*, a widely circulated, national, business-oriented news reporting wire service, on October 4, 2022, advised putative class members of: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the proposed class period; and (iv) the right to move the Court to be appointed lead plaintiff within the 60-day period prescribed by statute. *See* Lapinski Decl., Ex. A. Because KBC's motion is timely filed, it is entitled to be considered for appointment as Lead Plaintiff.

### B.      KBC Has a Large Financial Interest

KBC's funds suffered losses of $14,902,723.16, calculated on a last-in first-out (LIFO) basis, on their purchases of PayPal common shares during the Class Period. Thus, KBC has a large financial interest in the relief sought by the class. *See* Certification & Loss Charts, Lapinski Decl., Exs. B, C.

### C.      KBC Satisfies the Requirements of Rule 23

To benefit from a presumption that it is the most adequate lead plaintiff, a movant also must "satisf[y] the requirements of Rule 23 . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To meet

4

this requirement, "[a]t the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 23(a)(3)-(4).

The adequacy and typicality requirements "serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Amchem Prods. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) (ellipses in original) (citation omitted). Typicality exists when the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *In re Cendant Corp. Litig.*, 264 F.3d 264, 264-65 (3d Cir. 2001). In determining whether the movant satisfies the adequacy requirement, courts consider whether the movant "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." *Id.* at 265 (alterations in original) (citation omitted). KBC satisfies each of these requirements.

### 1. KBC satisfies the typicality requirement

During the Class Period, KBC's funds purchased a substantial amount of PayPal common stock on the NASDAQ at prices artificially inflated by Defendants' alleged materially false and/or misleading statements and omissions, and suffered damages when the truth was revealed to the market. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 266-69 (2010) (holding that Section 10(b) applies to any transaction in securities listed on a U.S. stock exchange, without regard for the nationality of the shareholder). Because KBC's legal claims are substantially identical to and

5

arise from the same factual predicate as those alleged in the Complaint, KBC satisfies the typicality requirement.

KBC also has demonstrated that it possesses standing to assert these claims on behalf of its funds. KBC serves as the manager company for Horizon NV, KBC Equity Fund NV, and KBC Institutional Investment Global Growth DBI, and during the Class Period, those funds purchased, and held legal title to, the PayPal common stock on which they incurred substantial losses. Prior to filing this Motion, KBC obtained valid assignments of claim from these funds. *See* Lapinski Decl., Ex. D; *see also Leventhal v. Chegg, Inc.*, 2022 WL 4099454, at *3 (N.D. Cal. Sept. 7, 2022) (appointing KBC lead plaintiff and holding KBC "Funds' assignment of its claims to KBC in this matter is facially valid" and competing movant "failed to provide evidence contesting the validity of the assignment; its speculation about the validity is insufficient to rebut the lead plaintiff presumption").[1] KBC also has authority to represent its funds in class actions under the terms of the funds' management agreements with KBC. The management agreements between (i) KBC and KBC Equity Fund NV; and (ii) KBC and KBC Horizon Fund NV each provide (at Clause 2.2.2) that the funds (known as "BEVEKs") authorize the "Management Company" (KBC) to "participat[e] in *class actions* or the commencement of an individual action" on their behalf. *See* Exs. E ¶ 2.2.2 & F ¶ 2.2.2. Against this background, courts throughout the country have repeatedly appointed KBC as lead plaintiff or class representative after finding that it possessed standing to assert the claims at issue. *See, e.g.*, *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915, at *2 (N.D. Cal. Apr. 17, 2020) (appointing KBC as a co-class representative on same standing basis as here); *KBC Asset Mgmt. NV v. 3D Sys. Corp.*, 2017 WL 4297450, at *6 (D.S.C. Sept. 28, 2017)

---

[1] The assignments in *Chegg* (as well as in numerous other cases in which KBC has been appointed as lead plaintiff and class representative) are identical to those obtained here.

(appointing KBC as sole class representative on same standing basis as here and noting that "KBC has shown substantial commitment and involvement in this litigation and has demonstrated it is adequate in this regard").[2]

### 2.     KBC satisfies the adequacy requirement

As noted above, KBC seeks to recover for substantially the same course of conduct by Defendants and the same injuries for which the rest of the proposed class seeks recovery. KBC's interests are thus aligned with the interests of the other members of the class. Moreover, the large financial loss suffered by its funds ensures that KBC will vigorously prosecute the litigation. In a case of this magnitude, it is essential that any Court-appointed lead plaintiff have sufficient resources and experience to play a meaningful role in managing the litigation and supervising counsel. Based in Brussels, Belgium, KBC is a sophisticated institutional investor that manages assets worth approximately € 236 billion as of the end of 2021.

Indeed, KBC is precisely the type of investor whose participation in securities class actions the PSLRA was meant to foster. *See Cendant*, 264 F.3d at 244 (finding that the PSLRA was designed "to increase the likelihood that institutional investors will serve as lead plaintiff" (quoting H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733)); *see also* S. Rep. No. 104-98, at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685; *Chamblee v. Terraform Power, Inc.*, 2016 WL 4039178, at *2 (D. Md. July 28, 2016) ("'Ideally, courts will appoint

---

[2] KBC also has standing to represent its funds under the so-called prudential exception. That doctrine allows third-party standing "where the plaintiff can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests." *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008). KBC has a close relationship to its funds, as evidenced by the fact it serves as their management company and there is a barrier to the funds asserting the claims given they have contracted with KBC to do precisely that.

institutional investors with large holdings in the stock as lead plaintiff,' given their 'incentives to monitor their suits closely because of their substantial stakes in the stock at issue, thereby eliminating frivolous tactics and settlements that inflate attorneys' fees.'" (citation omitted)).

KBC has served as a lead plaintiff and class representative in several other actions that collectively have recovered hundreds of millions of dollars for investors, including: *City of Sterling Heights General Employees' Retirement System v. Hospira, Inc.*, No. 1:11-cv-08332-AJS (N.D. Ill.) ($60 million recovery); *Ross v. Career Education Corp.*, No. 12 C 276 (N.D. Ill.) ($27.5 million recovery); and *KBC Asset Mgmt. NV v. 3D Sys. Corp.*, No. 0:15-cv-02393-MGL (D.S.C.) ($50 million settlement). Most recently, on November 21, 2022, the court in *In re Twitter, Inc. Securities Litigation*, Case No. 4:16-cv-05314-JST (SK) (N.D. Cal.), in which KBC served as sole lead plaintiff and a co-class representative, approved a settlement of $809.5 million for the class.

KBC also has demonstrated its adequacy by selecting a highly qualified firm with significant experience and success prosecuting federal securities class actions to serve as Lead Counsel for the class. *See infra* Section II; *see also* Motley Rice Firm Resume, Lapinski Decl., Ex. G.

**II.   THE COURT SHOULD APPROVE KBC'S SELECTION OF LEAD COUNSEL**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

KBC has selected Motley Rice as Lead Counsel for the proposed class. Motley Rice has substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in numerous securities fraud class actions. The firm's experience in the prosecution of securities class actions is derived from, among other things, its service as sole lead

8

counsel in *In re Twitter, Inc. Securities Litigation*, Case No. 4:16-cv-05314-JST (SK) (N.D. Cal.) ($809.5 million recovery) and *In re Barrick Gold Securities Litigation*, No. 1:13-cv-03851-RPP (S.D.N.Y.) ($140 million recovery) and co-lead counsel in *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH (D. Kan.) ($131 million recovery). *See* Lapinski Decl., Ex. G. Given Motley Rice and KBC have successfully prosecuted several securities fraud class actions together, including *In re Twitter, Inc. Securities Litigation*, Case No. 4:16-cv-05314-JST (SK) (N.D. Cal.), the proposed class could not be in better hands.

Accordingly, the Court should approve KBC's selection of Motley Rice as Lead Counsel for the putative class.

## CONCLUSION

For the foregoing reasons, KBC respectfully requests that the Court: (i) appoint KBC as Lead Plaintiff for the putative class; (ii) approve KBC's selection of Motley Rice as Lead Counsel for the putative class; and (iii) grant any such further relief as the Court may deem just and proper.

DATED:  December 5, 20122                  Respectfully submitted,

                                                        **MOTLEY RICE LLC**

                                         By: */s/ Daniel R. Lapinski*

                                      Daniel R. Lapinski
                                      Esther E. Berezofsky
                                      Sarah T. Hansel
                                      210 Lake Drive East, Suite 101
                                      Cherry Hill, NJ 08002
                                      Telephone: (856) 667-0500
                                      Facsimile: (856) 667-5133
                                      dlapinski@motleyrice.com
                                      eberezofsky@motleyrice.com
                                      shansel@motleyrice.com

                                      Gregg S. Levin (to be admitted *pro hac vice*)
                                      Christopher F. Moriarty (to be admitted *pro hac vice*)
                                      28 Bridgeside Blvd.
                                      Mt. Pleasant, SC  29464
                                      Telephone: (843) 216-9000
                                      Facsimile: (843) 216-9450
                                      glevin@motleyrice.com
                                      cmoriarty@motleyrice.com

                                      *Counsel for KBC Asset Management NV and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on December 5, 2022.


                                          /s/  Daniel R. Lapinski
                                        Daniel R. Lapinski