**SEEGER WEISS LLP**
CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Facsimile: (973) 679-8656
cseeger@seegerweiss.com
cayers@seegerweiss.com

*Liaison Counsel*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEFINED BENEFIT PLAN OF THE MID-JERSEY TRUCKING INDUSTRY AND TEAMSTERS LOCAL 701 PENSION AND ANNUITY FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>PAYPAL HOLDINGS, INC., DANIEL SCHULMAN, and JOHN RAINEY,<br><br>    Defendants. | No. 3:22-cv-05864-GC-LHG<br><br>CLASS ACTION<br><br>BRIEF IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>MOTION DAY: January 3, 2023 |

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT .................................................................................1

II. FACTUAL BACKGROUND....................................................................................2

III. LEGAL ARGUMENT................................................................................................3

    A. CDPQ Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff.....................................................................................................3

        (a) CDPQ's Motion Is Timely.........................................................................4

        (b) CDPQ Has the Largest Financial Interest in the Relief Sought by the Class ..................................................................................................5

        (c) CDPQ Otherwise Satisfies Rule 23's Requirements ..................5

        (d) CDPQ Is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA .................................................................................................7

    B. The Court Should Approve CDPQ's Choice of Counsel....................10

IV. CONCLUSION.........................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ................................................................................5, 6, 8

*Christian v. BT Grp. PLC*,
   No. 2:17-cv-00497-KM-JBC, 2017 WL 3705804
   (D.N.J. Aug. 28, 2017).................................................................................................8

*City of Warren Gen. Emps.' Ret. Sys. v. Celgene Corp.*,
   No. 18-4772 (JMV) (JBC), 2018 WL 4629570
   (D.N.J. Sept. 26, 2018) ...............................................................................................6

*Dang v. Amarin Corp. PLC*,
   No. 21-19212 (GC) (TJB), 2022 WL 15524944
   (D.N.J. Oct. 27, 2022)..................................................................................................9

**Rules &Statutes**

Fed. Civ. P. 23................................................................................................*passim*

15 U.S.C. §78u-4 et seq. ................................................................................*passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   No. 1:04-cv-08141 (S.D.N.Y.) ...............................................................................10

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
   No. 1:08-md-01963 (S.D.N.Y.) .............................................................................10

*In re Cardinal Health, Inc. Sec. Litig.*,
   No. 2:04-cv-00575-ALM (S.D. Ohio)...................................................................12

*In re Countrywide Fin. Corp. Sec. Litig.*,
   No. 2:07-cv-50295 (C.D. Cal.) ..............................................................................10

*In re Enron Corp. Sec. Litig.*,
  No. 4:01-cv-03624 (S.D. Tex.) ...........................................................................12

*In re Goldman Sachs Grp., Inc. Sec. Litig.*,
  No. 1:10-cv-03461 (S.D.N.Y.) ...........................................................................12

*Hall v. Johnson & Johnson*,
  No. 3:18-cv-01833-FLW-TJB (D.N.J. Nov. 26, 2018) ......................................11

*In re HealthSouth Corp. Sec. Litig.*,
  No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) .......................................................12

*Howard v. Liquidity Servs., Inc.*,
  No. 1:14-cv-1183-BAH (D.D.C.) .........................................................................9

*In re Jeld-Wen Holding, Inc. Sec. Litig.*,
  No. 3:20-cv-00112 (E.D. Va.) ............................................................................12

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
  No. 1:02-cv-05893 (N.D. Ill.) .............................................................................12

*In re Novo Nordisk Sec. Litig.*,
  No. 3:17-cv-00209-BRM-LHG (D.N.J. June 1, 2017) .......................................11

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
  No. 1:01-cv-01451-REB-KLM (D. Colo.) .........................................................12

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
  No. 1:09-md-02027 (S.D.N.Y.) ....................................................................10, 11

*In re UnitedHealth Grp. Inc. Sec. Litig.*,
  No. 0:06-cv-01691-JMR-FLN (D. Minn.) ..........................................................12

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
  No. 3:15-cv-07658-MAS-LHG (D.N.J. May 31, 2016) .....................................11

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N.
  730 .................................................................................................................7, 8

I.      **PRELIMINARY STATEMENT**

Presently pending before this court is a securities class action lawsuit (the "Action") brought on behalf of investors who purchased or otherwise acquired PayPal Holdings, Inc. ("PayPal" or the "Company") common stock between February 3, 2021 and February 1, 2022, inclusive who were damaged by defendants' alleged violations of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1] Proposed lead plaintiff Caisse de dépôt et placement du Québec ("CDPQ") hereby moves this Court for an order (i) appointing CDPQ as Lead Plaintiff; and (ii) approving CDPQ's selection of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel.

The PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, CDPQ is the most adequate plaintiff, as defined by the PSLRA, because it possesses a significant financial interest in the relief sought by the putative class and otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the claims of the putative class and that CDPQ will fairly and adequately represent

---

[1] The Action is *Defined Benefit Plan of the Mid-Jersey Trucking Industry and Teamsters Local 701 Pension and Annuity Fund v. PayPal Holdings, Inc.*, No. 3:22-cv-05864 (filed Oct. 4, 2022).

the interests of the class.  Accordingly, CDPQ's motion should be granted.

**II.     FACTUAL BACKGROUND**

PayPal operates a digital payment platform which allows users to make digital and mobile payments.  PayPal's common stock trades on the Nasdaq stock exchange under the ticker "PYPL."   The complaint alleges that, throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) defendants had inflated its vitally important Net New Active Accounts metric guidance through an usually large use of marketing campaigns that were easily susceptible to fraud; i.e., the creation of millions of illegitimate accounts which were created for the sole purpose of taking advantage of cash incentives for account creation; (2) defendants used these marketing campaigns and other incentives to hide the Company's true churn rate and declining levels of engagement with the platform; (3) as a result, defendants' positive statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On February 1, 2022, PayPal reported that its Net New Active Accounts was only 49 million for 2021, less than the guidance of 50 million it initially provided in February 2021 and lower than the raised guidance it reiterated just months prior.  The Company admitted that it had identified millions of accounts which were illegitimately created in order to take advantage of cash account

2

opening incentives, and that as a result the Company changed course on some of its customer acquisition strategies including incentive-led campaigns in the fourth quarter. The Company announced that it expected far fewer net new customer accounts for 2022 than it had previously represented. On this news, PayPal's share price declined 25% in one-day, representing a $62 billion drop in market capitalization, damaging investors.

## III.   LEGAL ARGUMENT

### A.   CDPQ Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). The plaintiff in this case caused a notice regarding the pendency of the Action to be published on *Business Wire*, a national, business-oriented newswire service, on October 4, 2022. *See* Declaration of Christopher A. Seeger in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Seeger Decl."), Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class

3

may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). CDPQ satisfies the "Lead Plaintiff" requirements of the PSLRA.

### (a) CDPQ's Motion Is Timely

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on December 5, 2022, the same day this motion is being filed. *See* 15 U.S.C. §78u-4(a)(3)(A) & (B). In addition, CDPQ has a duly signed Certification stating that CDPQ is willing

4

to serve as the representative party on behalf of the class. *See* Seeger Decl., Ex. B. Accordingly, because CDPQ has complied with the PSLRA's procedural requirements, CDPQ is entitled to have its application for appointment as lead plaintiff considered and approved by the Court.

      **(b)**      **CDPQ Has the Largest Financial Interest in the Relief Sought by the Class**

As reflected in its Certification and loss chart, CDPQ incurred losses of approximately $66,477,577 on its transactions in PayPal stock during the Class Period. *See* Seeger Decl., Exs. B, C. To the best of CDPQ's counsel's knowledge, there are no other plaintiffs with a larger financial interest. Accordingly, CDPQ satisfies the PSLRA's prerequisite of having a significant financial interest in the relief sought by the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

      **(c)**      **CDPQ Otherwise Satisfies Rule 23's Requirements**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) (inquiry "should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

When making the typicality determination, the court "should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'" *Cendant*, 264 F.3d at 265 (alteration in original) (citation omitted). And, in "assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether it 'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *Id*. (alteration in original) (citation omitted). CDPQ satisfies these requirements.

Here, CDPQ, like other class members: (1) purchased PayPal stock during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages when the truth became known. Thus, CDPQ's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events and are based on the same legal theories.

CDPQ's significant financial interest ensures that it will vigorously represent the class. *See City of Warren Gen. Emps.' Ret. Sys. v. Celgene Corp.*, No. 18-4772 (JMV) (JBC), 2018 WL 4629570, at *2 (D.N.J. Sept. 26, 2018) (finding a lead plaintiff satisfied 23(a)'s requirements in part because "given its substantial financial

6

losses, it is interested in vigorously pursuing the claims asserted against Defendants"). Moreover, CDPQ has amply demonstrated its adequacy by signing a sworn Certification evidencing CDPQ's ability and willingness to serve as, and to assume the responsibilities of, lead plaintiff. *See* Seeger Decl., Ex. B. No antagonism exists between CDPQ's interests and those of the absent class members; rather, the interests of CDPQ and class members are squarely aligned. CDPQ suffered substantial losses due to defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of this Action. CDPQ has also retained competent and experienced counsel to prosecute these claims, as discussed below. Accordingly, CDPQ *prima facie* satisfies each of the PSLRA's requirements and should be appointed Lead Plaintiff.

### (d) CDPQ Is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the requirements of Rule 23, CDPQ—a sophisticated institutional investor—is precisely the type of investor Congress sought, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically

have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See id.* at 34–35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34. To this end, many courts have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions. *Cendant*, 264 F.3d at 264 ("In explaining why institutional investors would make desirable lead plaintiffs, the Conference Committee Report opines that '[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake. The claims of both types of class members generally will be typical.'") (citation omitted); *see also Christian v. BT Grp. PLC*, No. 2:17-cv-00497-KM-JBC, 2017 WL 3705804, at *8 (D.N.J. Aug. 28, 2017) (appointing an institutional investor lead plaintiff and noting "as other courts have, that the [institutional investor] is the kind of institutional investor that Congress specifically intended to encourage to serve as lead plaintiff when it enacted the PSLRA").

CDPQ has prior experience serving as lead plaintiff in securities class actions and is familiar with the obligations and fiduciary duties owed to a class. For instance, CDPQ served as lead plaintiff in *Howard v. Liquidity Servs., Inc.*, No. 1:14-cv-1183-BAH (D.D.C.), which recovered $17 million for investors. Moreover,

8

CDPQ has already taken measures to ensure the claims are vigorously and effectively prosecuted in the best interests of the putative class. For instance, although CDPQ appreciates that attorneys' fees awarded in this action, if any, will be set by the Court, CDPQ takes very seriously its obligation as Lead Plaintiff and has executed a retainer agreement that limits the fees counsel may request. Through these measures and others, CDPQ has sought to ensure the putative class will receive the best possible representation.

In sum, CDPQ has demonstrated its willingness, resources, experience, and commitment to working to supervise Lead Counsel and obtain the best possible recovery for the class. In other words, CDPQ is precisely the type of institutional investor that Congress sought to empower as lead plaintiff when enacting the PSLRA. *See Dang v. Amarin Corp. PLC*, No. 21-19212 (GC) (TJB), 2022 WL 15524944, at *10 (D.N.J. Oct. 27, 2022) (appointing an institutional investor lead plaintiff in part because institutional investors are "the type of investor that Congress intended to serve as lead plaintiff when passing the PSLRA").

Because CDPQ has filed a timely motion, has the largest financial interest in the relief sought by the class, is typical and adequate of the putative class, and is precisely the sort of institutional investor Congress envisioned serving in the lead plaintiff role, the Court should adopt the presumption that CDPQ is the presumptive lead plaintiff.

9

### B. The Court Should Approve CDPQ's Choice of Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). CDPQ has selected Labaton Sucharow and Robbins Geller to serve as Lead Counsel in this case.[2]

Labaton Sucharow has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors. Labaton Sucharow served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 1:04-cv-08141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 1:08-md-01963 (S.D.N.Y.), in which it served as co-lead counsel. In addition, Labaton Sucharow was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 2:07-cv-50295 (C.D. Cal.), in which it achieved a settlement of $624 million – one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 1:09-md-02027

---

[2] A copy of firm resumes for Labaton Sucharow and Robbins Geller are available upon the Court's request.

(S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members. Labaton Sucharow presently serves as lead counsel in several significant investor class actions.

Likewise, Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. District courts throughout the country, including in this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG, ECF No. 67 (D.N.J. May 31, 2016) (appointing Robbins Geller as lead counsel in securities case); *Hall v. Johnson & Johnson*, No. 3:18-cv-01833-FLW-TJB, ECF No. 20 (D.N.J. Nov. 26, 2018) (appointing Robbins Geller as lead counsel in securities case); *In re Novo Nordisk Sec. Litig.*, No. 3:17-cv-00209-BRM-LHG, ECF No. 42 (D.N.J. June 1, 2017) (appointing Robbins Geller, along with co-counsel, as lead counsel in securities class action case). Notably, Robbins Geller obtained a historic $1.21 billion settlement in this District in *Valeant*, No. 3:15-cv-07658-MAS-LHG, the ninth largest securities class action settlement ever. Additionally, Robbins Geller has obtained the largest

securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.³

Labaton Sucharow and Robbins Geller have successfully prosecuted (and are prosecuting) several securities class actions together. For instance, the firms are currently serving together as Lead Counsel in *In re Goldman Sachs Group, Inc. Securities Litig*ation*,* No. 1:10-cv-03461 (S.D.N.Y.) and recently achieved a recovery for investors of $40 million in *In re Jeld-Wen Holding, Inc. Securities Litigation*, No. 3:20-cv-00112 (E.D. Va.). As such, the Court may be assured that, in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available from Labaton Sucharow and Robbins Geller. Because CDPQ's selection of Labaton Sucharow and Robbins Geller is reasonable, its motion should be granted.

---

³ *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

## IV. CONCLUSION

For all the foregoing reasons, CDPQ respectfully requests that the Court (i) appoint CDPQ as Lead Plaintiff in the Action; and (ii) approve its selection of Lead Counsel.

DATED: December 5, 2022                    Respectfully submitted,

s/ Christopher A. Seeger
CHRISTOPHER A. SEEGER

**SEEGER WEISS LLP**
CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Facsimile: (973) 679-8656
cseeger@seegerweiss.com
cayers@seegerweiss.com

*Liaison Counsel*

**LABATON SUCHAROW LLP**
ERIC J. BELFI
FRANCIS P. MCCONVILLE
MARK S. WILLIS
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ebelfi@labaton.com
fmcconville@labaton.com
mwillis@labaton.com

**ROBBINS GELLER RUDMAN & DOWD LLP**

13

DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

*Proposed Lead Counsel for the Class*

14