**SEEGER WEISS LLP**
CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Facsimile: (973) 679-8656
cseeger@seegerweiss.com
cayers@seegerweiss.com

*Liaison Counsel*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEFINED BENEFIT PLAN OF THE MID-JERSEY TRUCKING INDUSTRY AND TEAMSTERS LOCAL 701 PENSION AND ANNUITY FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br><br>PAYPAL HOLDINGS, INC., DANIEL SCHULMAN, and JOHN RAINEY,<br><br>    Defendants. | No. 3:22-cv-05864-GC-LHG<br><br><u>CLASS ACTION</u><br><br>CAISSE DE DÉPÔT ET PLACEMENT DU QUÉBEC'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF<br><br>MOTION DAY: January 3, 2023 |

Caisse de dépôt et placement du Québec (the "CDPQ") respectfully submits this memorandum in further support of its motion for appointment as lead plaintiff (ECF 12), and in opposition to the competing motions for appointment as lead plaintiff.  ECFs 5-8.

## I.   INTRODUCTION AND BACKGROUND

Five motions were filed by class members seeking appointment as lead plaintiff and approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]  Each of the competing movants has indicated that it does not oppose CDPQ's motion.  *See* ECFs 13-16.  As such, ***CDPQ's motion is substantively unopposed***.

Based on information contained in the original submissions by the lead plaintiff movants, CDPQ is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  CDPQ's loss of over $66 million is more than triple the losses claimed by the other lead plaintiff movants combined, and CDPQ otherwise meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure.  Accordingly, CDPQ should be appointed as Lead

---

[1]   The competing movants are: (1) CDPQ; (2) KBC Asset Management NV; (3) Defined Benefit Plan of the Mid-Jersey Trucking Industry and Teamsters Local 701 Pension and Annuity Fund and the Trustees of the Indiana Electrical Workers Pension Trust Fund and the Indiana Electrical Workers Benefit Trust Fund (collectively "Mid-Jersey Trucking and IBEW 481"); (4) Peace Officers Annuity and Benefit Fund of Georgia; and (5) Wayne County Employees' Retirement System.

1

Plaintiff and its selection of Labaton Sucharow and Robbins Geller as Lead Counsel should be approved.

## II.    ARGUMENT

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise satisfies the requirements of Rule 23.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005).  Here, there is no dispute that CDPQ possesses the "largest financial interest" in this litigation, as it had by far the largest loss amongst those who moved:

| MOVANT | LIFO LOSS |
|---|---|
| **CDPQ** | **$66,477,576** |
| KBC Asset Management NV *(filed a notice of non-opposition)* | $14,902,723 |
| Mid-Jersey Trucking Industry and IBEW 481 *(filed a notice of non-opposition)* | $1,039,113 |
| Peace Officers' Annuity and Benefit Fund of Georgia *(filed a notice of non-opposition)* | $1,019,669 |
| Wayne County Employees' Retirement System *(filed a notice of non-opposition)* | $585,825 |

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, CDPQ must also "otherwise satisf[y] the requirements of Rule 23."    15 U.S.C. §78u-

4(a)(3)(B)(iii)(cc).  Here, there is no question that CDPQ satisfies this requirement. *See* ECF 12 at 5-7.  As a sophisticated institutional investor, CDPQ is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *Cendant*, 264 F.3d at 273.  Because CDPQ clearly has the largest financial interest and satisfies Rule 23's requirements, CDPQ is presumptively the "most adequate plaintiff."

The presumptive lead plaintiff, in this case CDPQ, must be appointed unless it is proven that it will not satisfy the typicality and adequacy requirements of Rule 23(a).  "[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268 (citation omitted).  Here, there is no dispute that CDPQ meets the adequacy and typicality requirements.  *See* ECF 12 at 5-7; *see also* ECFs 13-16 (collectively raising no substantive opposition to CDPQ's motion).  Consequently, the "most adequate plaintiff" presumption that lies in CDPQ's favor has not been

rebutted.  CDPQ's motion should be granted and the competing motions should be denied.

### III.   CONCLUSION

CDPQ possesses the largest financial interest in the relief sought by the class. In addition, CDPQ meets the requirements of adequacy and typicality, and the presumption which lies in favor of CDPQ cannot be rebutted.  The competing movants do not oppose CDPQ's motion.

DATED:  December 20, 2022                          Respectfully submitted,

*/s/ Christopher A. Seeger*
CHRISTOPHER A. SEEGER

**SEEGER WEISS LLP**
CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Facsimile: (973) 679-8656
cseeger@seegerweiss.com
cayers@seegerweiss.com

*Liaison Counsel*

**LABATON SUCHAROW LLP**
ERIC J. BELFI
FRANCIS P. MCCONVILLE
MARK S. WILLIS
140 Broadway
New York, NY
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ebelfi@labaton.com

fmcconville@labaton.com
mwillis@labaton.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

*Proposed Lead Counsel for the Class*

5