**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____

*In re*                                                    **Civil Action Number:**

    **PAYPAL HOLDINGS, INC.**          **22-cv-05864-RK**
    **SECURITIES LITIGATION**       **Teleconference**

_____

Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608
Thursday, June 12, 2025
Commencing at 10:30 a.m.

**B E F O R E:**

          **THE HONORABLE ROBERT KIRSCH,
          UNITED STATES DISTRICT JUDGE**

**A P P E A R A N C E S**

    LABATON SUCHAROW LLP
    BY:  JAKE BISSELL-LINSK, ESQUIRE
    140 Broadway
    New York, New York 10005
    For the Plaintiff

       -and-

    ROBBINS GELLER RUDMAN & DOWD LLP
    BY:  TOR GRONBORG, ESQUIRE
        PATTON L. JOHNSON, ESQUIRE
    655 West Broadway, Suite 1900
    San Diego, California 92101
    For the Plaintiff

       -and-

    SEEGER WEISS LLP
    BY:  CHRISTOPHER L. AYERS, ESQUIRE
    55 Challenger Road, 6th Floor
    Ridgefield Park, NJ 07660
    For the Plaintiff

        Paula Horovitz, Official Court Reporter
         paulahorovitz.njd.uscourts@gmail.com
             609-815-2755
  Proceedings recorded by mechanical stenography; transcript
      produced by computer-aided transcription.

**APPEARANCES CONTINUED:**

ARCHER & GREINER, PC
BY:  MAUREEN THERESA COGHLAN, ESQUIRE
1025 Laurel Oak Road
Voorhees, NJ 08043
For the Defendant

     -and-

A&O SHEARMAN & STERLING
BY:  ADAM HAKKI, ESQUIRE
     LYLE ROBERTS, ESQUIRE
1101 New York Avenue, NW
Washington, D.C. 20005
For the Defendant

(TELEPHONIC PROCEEDINGS held in open court before The Honorable Robert Kirsch, United States District Judge, at 10:38 a.m.)

THE COURT:  Good morning, folks.  It's *in re* PayPal, 22-5864.

For the plaintiffs, Mr. Bissell-Linsk.  I am sorry, who is speaking for the plaintiffs?

MR. BISSELL-LINSK:  Jake Bissell-Linsk from Labaton Sucharow LLP.

THE COURT:  Can I refer to you as Mr. Linsk?  Is that okay with you?

MR. BISSELL-LINSK:  That's great.  Yep.

THE COURT:  And good morning to you and your colleagues.

For the defendant --

MR. BISSELL-LINSK:  You as well.

THE COURT:  Thank you.

Who is speaking for the defendant?

MR. HAKKI:  Good morning, your Honor.  It's Adam Hakki from A&O Shearman & Sterling.  I think -- I happen to be overseas.  My partner, Lyle Roberts, will be speaking I think to ensure the best connection.

THE COURT:  Where are you, by the way, Mr. Hakki?

MR. HAKKI:  I'm in London.  So I'm five hours ahead.

THE COURT:  Off the record.

United States District Court
District of New Jersey

(Off the record discussion)

THE COURT:  Let's get to securities fraud.

So, folks, we're back on now.  I'm going to be candid with the plaintiff.  I was surprised to see yet another amended pleading.  I spent a lot of time, 50 pages, give or take, going through what I viewed to be a very exhaustive analysis, and I'm surprised we are right back where we were.  I'm not weighing in on a motion to dismiss.  Of course there's nothing before me. But I did throw an inordinate amount of time and effort into the January 25 opinion, and I'm surprised.

Now, this is going to stop.  We've got about a hundred docket entries on a case that's been going on for almost three years, and we're in the same exact posture that we were in before.  And usually I have no objections to the scheduling or the proposed scheduling of counsel, but this pushes this out way beyond what I'm willing to do.

So, first of all, when was the second amended complained filed?

David, what's the date of that?

THE LAW CLERK:  March 17.

THE COURT:  March 17.

MR. BISSELL-LINSK:  Yes, your Honor.

THE COURT:  I've got wonderful lawyers here.  I have no doubt that the defense has been working diligently preparing a filing.  But regardless, I'm not putting this thing out, way

United States District Court
District of New Jersey

out, until -- it looks like October.  Then we literally are three years in.  Undoubtedly, it's going to be a tome of beautifully crafted material that I've got to wade through again, with 397 other cases.  And I'm not doing it that far out.

So I don't want to ruin people's summer vacations.  On the other hand, this is already basically a 3-year-old case, and nothing has happened.  I mean, I shouldn't say that.  It's been through a couple of district court judges.  But this is the third operative pleading, and it's going to hit the three-year mark, and discovery hasn't even started -- in the event that this thing in one way or another goes to discovery.

So I'm going to instruct the lawyers to redouble your efforts.  I don't want to, in a draconian way, issue an order saying you've got ten days to file your motion.  On the other hand, I'm not going to tolerate pushing this out in this manner.

So I'm going to give you one chance to submit a realistic, reasonable — reasonable — proposal.  And then if this is unsatisfactory, and this pushes this out month after month after month, well, then, I'm just going to issue my own in short order.

So the proposal will of course include the fact that it should be bundled, as I've done many, many times before.

Mr. Linsk and Mr. Roberts, have there been any

United States District Court
District of New Jersey

discussions to attempt to resolve this thing?

MR. BISSELL-LINSK:  I believe the answer to that is no.

THE COURT:  Is that unrealistic at this level?  Do I have to wade through yet again — yet again — another motion to dismiss?  And, obviously, that's my job, and that's what I did. And so these serial filings is like an epidemic of litigation.

Is it unrealistic, Mr. Linsk and Mr. Roberts, for the parties to attempt to see if there can be some sort of resolution here, or not?

MR. BISSELL-LINSK:  We're always open to talking, like, truly.  I think it's unlikely the parties would be at a point to reach a common view at the value of this case in the interest of --

THE COURT:  Naturally.  Understood.  I get it. Because the Court threw the case out.  I get it.  And if something survives going forward — if — maybe that will change people's positions.  I don't know.

But, of course, I can't prejudge this because I haven't seen anything other than the amended complaint.  And I do have my own thoughts about my review, cursory as it may have been, on the second amended complain.  But I will await with great anticipation and relish the submissions of the parties.

So please submit to me in short order a reasonable — a reasonable — proposal.  And if it is reasonable, I'll sign it;

and if it's not, I'm just going to order it.

Understood, Mr. Linsk?

MR. BISSELL-LINSK:  Yep.  Thank you, your Honor.

THE COURT:  You're very welcome.

Mr. Roberts?

MR. ROBERTS:  Yes.  Understood, your Honor.  Thank you.

THE COURT:  The only caveat is I do not want to ruin any associates' vacations in the summer, but the summer shouldn't extend to October.  Okay?

MR. ROBERTS:  Yep.  Understood.

THE COURT:  Thank you all for your hard work.  Bye-bye now.

(The proceedings concluded at 10:46 AM)

- - - - - - - - - - - - - - - - - - - - - - - - - -
**FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE**
- - - - - - - - - - - - - - - - - - - - - - - - - -

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


/S/ Paula Horovitz, RMR, CRR
6/13/2025

*Court Reporter/Transcriber*

United States District Court
District of New Jersey