**SEEGERWEISS** LLP

NEW YORK • NEW JERSEY • PHILADELPHIA

Christopher A. Seeger
cseeger@seegerweiss.com
973-639-9100

August 26, 2025

VIA ECF

Honorable Robert Kirsch, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ  08608

> Re:    *In re PayPal Holdings Inc. Securities Litigation*, No. 3:22-cv-05864-RK-JTQ (D.N.J.)

Dear Judge Kirsch,

In support of Lead Plaintiff Caisse de dépôt et placement du Québec and plaintiff Public Employees Retirement Association of New Mexico (collectively, "Plaintiffs") Opposition to Defendants' Motion to Dismiss the First Amended Complaint for Violation of the Federal Securities Law (ECF 105) ("Opp."), Plaintiffs respectfully submit the recent Third Circuit decision *In re Maiden Holdings, Ltd. Sec. Litig.*, No. 24-1118, 2025 WL 2406864 (3d Cir. Aug. 20, 2025) and District of New Jersey decision *Levon v. CorMedix Inc.*, No. 21-14020, 2025 WL 2400346 (D.N.J. Aug. 19, 2025), which were filed after Plaintiffs' opposition deadline.  Ex. A and B.

The *In re Maiden* opinion vacated dismissal of securities claims and is relevant to issues raised in the motion to dismiss briefing, including:

(1) clarifying the law that opinion statements are actionable "if the speaker leaves out key information" (*In re Maiden*, 2025 WL 2406864, at *4-*5; *see* Defendants' opening brief (ECF 104-1) ("Mot.") at 13-14, 17; Opp. at 16-18; Defendants' reply brief (ECF 106) ("Reply") at 7-8);

(2) reaffirming the "context-based materiality standard," including by factoring "outsized impact" on the company's business, "access" to inconsistent information, and statements to investors (*In re Maiden*, 2025 WL 2406864, at *8-*9; *see* Mot. at 8-9, 13, 16-18; Opp. at 12-16, 28-33; Reply at 7, 13); and

(3) that "knowledge of the underlying facts relevant to the false or misleading statement" can be evidence of scienter (*In re Maiden*, 2025 WL 2406864, at *9; *see* Mot. at 32-39; Opp. at 23-33, 38-39; Reply at 9, 12-15).

PAGE 2

Honorable Robert Kirsch, U.S.D.J.
August 26, 2025

The *CorMedix* opinion denied a motion to dismiss securities claims and is relevant, including discussions concerning:

(1) the proper standard for materiality, that if statements are material, they are not puffery, and that even "soft" information may only be deemed immaterial/puffery at the pleading stage if "reasonable minds could not differ" on finding such information unimportant (*CorMedix*, 2025 WL 2400346, at *8, *16-*17; Mot. at 8-9, 13, 16-18; Opp. 12-16; Reply at 7);

(2) the duty to include all material facts once a defendant chooses to speak on that issue (*CorMedix*, 2025 WL 2400346, at *10; *see* Opp. at 19, 22);

(3) the proper standard for opinion statements, which does not require pleading that opinions were not honestly believed or sincerely held by the speakers to be actionable (*CorMedix*, 2025 WL 2400346, at *16-*17; *see* Mot. at 13-14; Opp. at 16-18; Reply at 7-8); and

(4) how a strong inference of scienter can be derived from confidential witness statements, Defendants' statements to investors, access to information contradicting Defendants' public statements, the core operations doctrine, and Sarbanes-Oxley Act ("SOX") certifications (*CorMedix*, 2025 WL 2400346, at *21-*25; *see* Mot. at 20-39; Opp. at 23-39; Reply at 9-15).

Respectfully submitted,

/s/*Christopher A. Seeger*
Christopher A. Seeger

cc:    All Counsel of Record (via ECF)